

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

March 21, 1963

Honorable Henry Wade
Criminal District Attorney
    of Dallas County
Dallas, Texas

Opinion No. C- 40

Re: Whether an individual can
    have his name on the ballot
    for county school trustee
    and for trustee of an
    independent school district
    in the same election, and
    related question.

Dear Sir:

     You have requested an opinion on the following questions:

     1.  Can a person have his name on the ballot as a candidate for the office of county school trustee of Dallas County and also for the office of trustee of the Dallas Independent School District, in the same election?

     2.  In the event that he cannot, can he withdraw his candidacy for one office and remain on the ballot for the other office?

     The fact situation out of which these questions arise is stated in your opinion request as follows:

     "On April 6, 1963, there will be conducted in the City of Dallas, Texas, and the County of Dallas, Texas, an election to determine the County School Board Trustees and the Dallas Independent School District Board Trustees. The County of Dallas and the Dallas Independent School District have agreed to hold a joint election for said Boards of Trustees as permitted by Article 2746c, V.A.C.S. However, we understand that no formal resolution has been adopted as to whether a single ballot or separate ballots will be used. The voting on April 6, 1963, will be conducted by the use of voting machines with all of the candidates' names for both Boards appearing on each voting machine. However, the absentee voting

will be conducted separately; i.e., the Dallas Independent School District will conduct their own absentee voting, while the County Clerk will conduct the absentee voting for the County School Board.

"An individual has filed applications as a candidate for trustee for both the Dallas Independent School District Board and the Dallas County School Board."

Article XVI, Section 40 of the Texas Constitution, which prohibits a person from holding two civil offices of emolument at the same time, does not prevent a person from holding the two offices here involved, since the office of trustee of an independent school district is not an office of emolument. However, regardless of whether one or both offices are offices of emolument, the same person cannot hold two incompatible offices. 34 Tex.Jur. 351, Public Officers, Sec. 18. In Attorney General's Opinion No. O-1398 (1939), it was held that the offices of county school trustee and trustee of an independent school district are incompatible and that the same person may not hold both offices simultaneously. We agree with that holding. Accordingly, if the individual in question were elected to both offices, he could accept only one of them.

Article 2676, Vernon's Civil Statutes, which is the general statute pertaining to the election of county school trustees, contains the following provisions:

"Section 1.  * * * The time for such election shall be the first Saturday in April of each year; the order for the election of county school trustees to be made by the county judge at least thirty (30) days prior to the date of said election, and which order shall designate as voting places within each common or independent school district the same voting place or places at which votes are cast for the District Trustees of said common and independent school districts, respectively. The election officers appointed to hold the election for District Trustees in each of said school districts, respectively, shall hold this election for county school trustees."

Honorable Henry Wade, page 3 (C-40  )


        Article 2790e, V.C.S., which is the statute pertain-
ing to the election of county school trustees in counties having
a population of more than 350,000, contains a similar provision,
as follows:

        "Sec. 13.   The election for County School
    Trustees shall be held on the first Saturday in
    April of each year, and the election officers
    holding elections for trustees in each district
    in the county shall hold the election for County
    School Trustees at the same time and place as the
    election for district trustees."

        Under these statutes, an election for county school
trustees must be conducted at the same place and by the same
election officers as an election for trustees of an independ-
ent school district which is held on the same day.

        You have stated that the County of Dallas and the
Dallas Independent School District have agreed to hold a
joint election as permitted by Article 2746c.  This statute
reads as follows:

        "Whenever an election for members of the
    county board of trustees, the board of education,
    board of trustees or other governing board of any
    school district, or the board of regents, board
    of trustees or other governing board of any junior
    college district, regional college district or
    other type of college district, is to be held on
    the same day and within all or part of the same
    territory as any other of the elections herein
    enumerated, the various officers, boards or bodies
    charged with the duty of appointing the election
    officers, providing the supplies, canvassing the
    returns, and paying the expenses of such elections
    may agree to hold the elections jointly and may
    agree upon the method for allocating the expenses
    for the joint election.  Resolutions reciting the
    terms of the agreement shall be adopted for each
    of the participating boards or bodies.  The agree-
    ment may provide for use of a single ballot form
    at each polling place, to contain all the offices
    to be voted on at that polling place, or for sepa-
    rate ballot forms which may combine two or more of
    the sets of county or district offices to be voted
    on, provided that all of the offices and candidates

for each district or political subdivision shall appear on the same ballot.  One set of election officers may be appointed to conduct the joint election, and any person otherwise qualified who is a resident of either of the districts or political subdivisions holding the election shall be eligible to serve as an election officer.  Poll lists, tally sheets, and return forms for the various elections may be combined in any manner convenient and adequate to record and report the results of each election, and one set of ballot boxes and one stub box may be used for receiving all ballots and ballot stubs for the joint election.  Returns on joint or separate forms may be made to, and the canvass made by, each officer, board or body designated by law to receive and canvass the returns for each election, or one of such officers, boards and bodies may be designated to receive and canvass the returns for the joint election and to report the results of each election to the proper authority.  Where the counted ballots for two or more of the elections are deposited in a single ballot box, the box containing the counted ballots shall be returned to the officer or board designated in the agreement, which shall be an officer or board designated by law to receive and preserve the counted ballots for one of the elections constituting a part of the joint election."

In our opinion, the effect of Articles 2676 and 2790e is to make the election of county school trustees a part of the election for district trustees, although these statutes do not require use of a single ballot form and do not authorize a complete fusion of duties in conducting the election and canvassing the returns as is permitted by Article 2746c.  When the election is held under the provisions of Article 2746c, that statute further serves to unite the election.

Article 6.01 of Vernon's Election Code provides in part as follows:

"In all elections by the people, the vote shall be by official ballot, which shall be numbered and elections so guarded and conducted as to detect fraud and preserve the purity of the ballot.

Honorable Henry Wade, page 5 (C- 40   )

   * * *   The name of no candidate shall appear more than once upon the official ballot, except (a) as a candidate for two (2) or more offices permitted by the Constitution to be held by the same person; or (b) when a candidate has been duly nominated for the office of President or Vice-President of the United States and also for an office requiring a state-wide vote for election. * * *"

   In the brief accompanying your request, you make the following statement, with which we are in agreement:

   "The purpose of the above statute would appear to be to prevent a person from becoming a candidate for more than one office when he could only accept one of them.  This places on the candidate the burden of making a choice of which office he wishes to run for before the election, rather than allowing him to run for both, and if elected to both, making his choice after the election."

   If, at the election to be held in the Dallas Independent School District on April 6, the names of the candidates for the offices of county school trustee and district school trustee are placed on a single ballot form, we are of the opinion that Article 6.01 would clearly prohibit the placing of the same person's name on the ballot as a candidate for the two offices. Att'y Gen. Ops. 0-2640 (1940) and WW-493 (1958).  We are further of the opinion that a person cannot have his name appear as a candidate for both offices, regardless of whether the offices are listed on a single ballot form or on separate ballot forms. The law requires that the offices be filled by election at the same time and place, and it would be ignoring the purpose of the prohibition in Article 6.01 to construe it as applying only where a single ballot form is used.  The occurrence which the statute is designed to prevent--election of a person to an office which he cannot accept--is as objectionable in the one case as in the other.  To make the prohibition in Article 6.01 turn on such a technicality as the physical makeup of the ballot forms would be thwarting the intent of the statute, and we are unwilling to construe it so narrowly.  We therefore answer your first question in the negative.

Your second question is whether the individual can withdraw his candidacy for one office and remain on the ballot for the other office.

It should be noted at the outset that the period for absentee voting in the forthcoming election began on March 17, the twentieth day before the election date of April 6, and that the election is now in progress. Skelton v. Yates, 131 Tex. 620, 119 S.W.2d 91 (1938). We are not informed as to what action has been taken in regard to placing this individual's name on the ballots, and we shall therefore state our opinion on each of the four possible situations which may now exist.

The manner in which this individual became a candidate for these offices was by filing an application for each office, as provided in Article 2745c, V.C.S. This statute is silent on the matter of withdrawal of candidacy after the application is filed. The only statute which might apply is Article 13.56 of the Election Code, which provides that a nominee may decline his nomination up to ten days before the election if it be for a city office and up to twenty days before the election in other cases. In Williams v. Huntress, 153 Tex. 443, 272 S.W.2d 87 (1954), the Supreme Court in construing Article 13.56 held that where a party nominee for an office had been subsequently nominated for a second office to be voted on at the same election and he could not lawfully have his name printed on the ballot for both offices, he had to decline the nomination for the first office at least twenty days before the election in order to have his name printed on the ballot for the second office. If Article 13.56 applies to a candidate filing under Article 2745c (i.e., if he is a "nominee" within the terms of Article 13.56), it would follow that the application first filed would have had to be withdrawn at least twenty days before the election in order for the candidate to have his name placed on the ballot for the second office, unless the particular circumstances of your fact situation call for a different result. We doubt that Article 13.56 applies to candidates filing under Article 2745c, but even so, we are of the opinion that ordinarily these candidates may not withdraw their applications after absentee voting begins. However, we are of the opinion that an application filed under Article 2745c may be withdrawn before commencement of absentee voting. If, more than twenty days before the election, this individual withdrew his application for one of the offices, we know of no prohibition against placing his name on the ballot for the other office. Therefore, if this individual's name now appears as a candidate for only one of these offices, it may lawfully remain on the ballot for that office.

Your opinion request reveals that the County Judge of Dallas County, who has the duty of certifying the candidates for county school trustee, had sought your opinion as to the legality of placing this individual's name on the ballot for both offices, but it does not reveal whether he had taken a position in the matter.  If the officers having the duty of making up the ballot informed the individual that his name could not appear as a candidate for both offices and that he must choose between the offices but he refused to do so, and thereupon they proceeded with the printing of the ballots and left his name off the ballot for both offices, we are of the opinion that he now has no right to demand that his name be printed on the ballot for either office.

If the officers charged with preparation of the ballots were uncertain as to the law and did not resolve the question before the expiration of the time within which an application ordinarily could have been withdrawn, we are of the opinion that the regular deadline for withdrawal does not apply.  Accordingly, if printing of the ballots has been held in abeyance awaiting a resolution of the candidate's right to have his name appear under both offices, he may still choose which office he wishes to run for.  Also, if ballots have already been printed, listing the individual as a candidate for both offices, we are of the opinion that the ballots should be revised so as not to violate Article 6.01, and that the individual may still choose which office he wishes to run for.

SUMMARY

The office of county school trustee and trustee of an independent school district are incompatible, and the same person may not hold both offices at the same time.

A person may not have his name printed on the ballot as a candidate for the office of county school trustee and also as a candidate for trustee of an independent school district, where both offices are to be filled at an election held on the same day.

If a person who has filed for both offices withdraws his application for one of the offices, he may have his name placed on the ballot for the other office.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By *Mary K. Wall*
Mary K. Wall
Assistant Attorney General

MKW:afg

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Marietta McGregor Payne
John Reeves
Paul Robertson

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone